

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

October 20, 1955

Affirmed by _C-167_

Hon. Mark Wentz
Fire Insurance Commissioner
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. S-179

Re: Construction of Articles 5.25 and
5.42, Texas Insurance Code, 1951,
as to authority of Board of Insur-
ance Commissioners to regulate the
amount of interest charged on de-
ferred premiums.

Dear Mr. Wentz:

You have asked for the opinion of this office on
the following questions:

"1. Does the amount of interest which an
insurance company might charge for deferring
the collection of premium under an insurance
policy actually constitute a part of the policy
premium derived from the application of rates
promulgated by the Board, thus making it sub-
ject to the rate making authority of the Board?

"2. Does it constitute a charge separate
and apart from the policy premium which is de-
rived from the application of approved rates,
thus making it subject to the provisions of other
laws of this State rather than insurance rate
making laws?

"3. Do the provisions of Article 5.42 ren-
der the 6% interest rule as found on Page 88 of
the General Basis Schedules to be of no mandatory
force and effect?"

Article 5.25 of the Texas Insurance Code, 1951,
reads as follows:

"The Board of Insurance Commissioners shall have the sole and exclusive power and authority and it shall be its duty to prescribe, fix, determine and promulgate the rates of premiums to be charged and collected by fire insurance companies transacting business in this State. Said Board shall also have authority to alter or amend any and all such rates of premiums so fixed and determined and adopted by it, and to raise or lower the same, or any part thereof, as herein provided. Said Board shall have authority to employ clerical help, inspectors, experts and other assistants, and to incur such other expenses as may be necessary in carrying out the provisions of this law. Such expenses, including the salaries of the members of the Board, shall not exceed in the aggregate, for any fiscal year, the sum of One Hundred and Thirty Thousand ($130,000.00) Dollars. Said Board shall ascertain as soon as practicable the annual fire loss in this State; obtain, make and maintain a record thereof and collect such data with respect thereto as will enable said Board to classify the fire losses of this State, the causes thereof, and the amount of premiums collected therefor for each class of risks and the amount paid thereon, in such manner as will aid in determining equitable insurance rates, methods of reducing such fire losses and reducing the insurance rates of the State, or subdivisions of the State. Acts 1951, 52nd Leg., ch. 491."

It is clear from the above quoted Article that the duty of the Board is to determine the rate of premium to be charged.

Article 5.42 provides as follows:

"The provisions of this subchapter shall not deal with the collection of premiums, but each company shall be permitted to make such rules and regulations as it may deem just between the company, its agents, and its policyholders; and no bona fide extension of credit shall be construed as a discrimination, or in violation of the provisions of this subchapter.

All policies heretofore issued which provide that said policies shall be void for non-payment of premiums at a certain specified time, shall be and the same are in full force and effect, provided, that the company or any of its agents have accepted the premium on said policies after the expiration of the dates named in said provisions fixing the date of payment."

This article permits the company to make such rules and regulations as it may deem just between the company, its agents, and its policyholders and, furthermore, "The provisions of this subchapter /C/ shall not deal with the collection of premiums. . . and no bona fide extension of credit shall be construed as a discrimination, or in violation of the provisions of this subchapter."

It is therefore the opinion of this office that the Board of Insurance Commissioners of the State of Texas does not have the authority to regulate the rate of interest charged by companies on deferred premiums, as the amount of interest charged is not a part of the policy premium determined by the Board, but constitutes a charge separate and apart from the policy premium, and said interest, if any, is subject to Articles 5069-5073, Vernon's Civil Statutes.

## SUMMARY

The Board of Insurance Commissioners of the State of Texas does not have the authority to regulate the rate of interest charged on deferred premiums.

APPROVED:

J. Fred Jones
State Affairs Division

J. A. Amis
Reviewer

Will D. Davis
Reviewer

Davis Grant
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By *Robert O. Fagg*
Robert O. Fagg
Assistant